UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

**RACHEL KIRBY-GAST,**

Plaintiff,

Case No. 2026-cv-2044

vs.

**THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,**

Defendant.

---

# COMPLAINT

---

Plaintiff, Rachel Kirby-Gast, by Hawks Quindel, S.C., for her complaint against the above-named Defendant, hereby states as follows:

## PARTIES

1. Plaintiff is an adult resident of the State of Wisconsin and currently resides in Waukesha County.

2. Defendant, The Guardian Life Insurance Company of America ("Guardian"), is a corporation organized under the laws of New York licensed to do business in Wisconsin. Guardian's registered agent for service of process in Wisconsin is Corporation Service Company located at 33 E. Main Street, Suite 610, Madison, WI 53703.

## JURISDICTION & VENUE

3. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

4. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

5. Venue is proper in the Eastern District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

6. Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

7. Plaintiff was employed as a Lead Data Engineer for Interviewstreet Inc. d/b/a HackerRank ("HackerRank") beginning in April 2022. In July 2023, Plaintiff's health conditions deteriorated to the point that they precluded her from continuing work as a Data Engineer Manager and she went out on disability leave.

8. During the course of Plaintiff's employment, Plaintiff became eligible for coverage under her employer's long-term disability insurance ("LTDI") Plan.

9. Plaintiff ceased working on or about July 14, 2023 due to her medical conditions, including thoracic outlet syndrome, hypertension, ocular migraines, Raynaud's syndrome, dizziness, tinnitus, brain fog, difficulty concentrating, short-term memory issues, and difficulty sleeping.

10. Upon becoming disabled, Plaintiff filed a claim for LTDI benefits.

11. Defendant approved Plaintiff's claim for LTDI benefits from October 16, 2023 until November 15, 2025.

12. Plaintiff's LTDI benefit is worth approximately $9,975 per month.

13. Plaintiff has been awarded SSDI benefits.

14. The Social Security Administration determined that Plaintiff was disabled as of July 14, 2023, based on the same medical issues that form the basis of Plaintiff's claim for LTDI benefits.

15. After Plaintiff was awarded SSDI benefits, Defendant offset Plaintiff's LTDI benefit by $4,867 per month, resulting in a net LTDI benefit of approximately $5,108 per month.

16. Defendant was responsible for determining whether Plaintiff was eligible for LTDI benefits.

17. Defendant was responsible for paying Plaintiff's LTDI benefits.

18. Defendant denied Plaintiff's LTDI benefits claim beyond November 15, 2025.

19. Plaintiff timely appealed Defendant' denial of Plaintiff's benefits claim on or around May 11, 2026.

20. Plaintiff submitted complete medical documentation in support of Plaintiff's disability as part of the appeal.

21. Plaintiff submitted all information requested by the Defendant.

22. Defendant did not perform a "full and fair review" of Plaintiff's claim.

23. Defendant ignored clear medical evidence of Plaintiff's medical conditions and disability.

24. Defendant relied on a peer review conducted by a non-treating physician, Eric I. Finkelstein, M.D., that disregarded the results of Plaintiff's Functional Capacity Evaluation ("FCE").

25. Defendant also relied upon a flawed Transferrable Skills Analysis that did not adequately consider Plaintiff's objective restrictions and limitations or the actual requirements of the occupations that it asserts she can perform.

26. Defendant failed to adequately explain why it rejected specific evidence in Plaintiff's file.

27. Defendant failed to adequately explain its reasons for denying Plaintiff benefits.

28. Defendant conducted a selective review of Plaintiff's medical records.

29. Defendant failed to adequately assess Plaintiff's employability before determining that Plaintiff is not sufficiently disabled to qualify for benefits.

30. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

31. At all times material to this case, the Plan has remained in full force and effect.

32. Defendant's denial of Plaintiff's claim LTDI benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

## FIRST CAUSE OF ACTION: DENIAL OF BENEFITS IN VIOLATION OF SECTION 502(a)(1)(B) OF ERISA

33. The preceding paragraphs are reincorporated by reference as though set forth here in full.

34. Plaintiff has been and remains disabled, as that term is defined by the Plan.

35. Pursuant to *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the proper standard of review is *de novo* as the Plans have not granted the administrator discretionary authority to determine eligibility for benefits or to construe the Plan terms.

36. Defendant wrongfully denied LTDI benefits due to Plaintiff.

37. Alternatively, if a deferential standard of review applies, then Defendant arbitrarily, capriciously, and unreasonably denied Plaintiff benefits.

38. Defendant interpreted and applied the terms and conditions of the Plans in a manner that is inconsistent with the plain language contained therein.

39. Defendant's denial of Plaintiff's LTDI benefits was incorrect and unreasonable.

40. For these and other reasons, Defendant wrongfully denied Plaintiff's claim for LTDI benefits and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

**WHEREFORE** the Plaintiff, RACHEL KIRBY-GAST, demands judgment from the Defendant for the following:

A. Payment of all retroactive LTDI benefits owed to Plaintiff under the terms and conditions of the Plans;

B. A declaration of Plaintiff's continued eligibility for all LTDI benefits under the Plan;

C. Prejudgment interest;

D. Reasonable attorney's fees and costs related to the action; and

E. Such other and further relief that the Court deems just and equitable.

Dated: November 2, 2026

**HAWKS QUINDEL, S.C.**
*Attorneys for Plaintiff, Rachel Kirby-Gast*

By: */s/ Timothy P. Maynard*
Timothy P. Maynard, SBN 1080953
Carmen L. Lopez, SBN 1122201
5150 N. Port Washington Road
Suite 243
Milwaukee, Wisconsin 53217

Telephone: (414) 271-8650
Facsimile: (414) 207-6079
Email: tmaynard@hq-law.com
clopez@hq-law.com